# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION

RICHARD MICHAEL HANSON,    )
                                 )
          Plaintiff,       )
                                 )
      vs.                   )     Case No. 13-4232-CV-C-NKL-P
                                 )
MONITEAU COUNTY,           )
MISSOURI, et al.,            )
                                 )
          Defendants.     )

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE

Plaintiff, who currently is incarcerated at the Farmington Correctional Center in Farmington, Missouri, has filed *pro se* this civil action pursuant to 42 U.S.C. § 1983, seeking relief for claimed violations of his federally protected rights while he was confined in Moniteau County, Missouri. Defendants are Moniteau County and the following Moniteau County officials: Sheriff Jeptha Gump, former Jail Administrator Harry Curtis, and former Deputy Jailer Sharon Gathercol.

Previously, this Court granted Defendants' motion to dismiss certain claims. Doc. 28. Plaintiff's two remaining claims are as follows: (1) Defendant Curtis retaliated against him for a prior lawsuit by placing him in solitary confinement, and (2) Defendant Curtis used excessive force against Plaintiff, which Defendant Gump ordered and Defendant Gathercol witnessed but failed to stop. Currently pending before this Court are Defendants' motion for summary judgment and suggestions in support thereof (Docs. 41, 42) and Plaintiff's response thereto (Doc. 48).

### Standard of Review

Pursuant to Fed. R. Civ. P. 56(a), a movant is entitled to summary judgment on a claim only if he has made a showing that "there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law." *See generally Van Wyhe v. Reisch*, 581 F.3d 639, 648 (8th Cir. 2009); *Mason v. Correction Medical Services, Inc.*, 559 F.3d 880, 884-85 (8th Cir. 2009). In

applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Recio v. Creighton University*, 521 F.3d 934, 938 (8th Cir. 2008) (citation omitted).

The inquiry performed is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The nonmoving party must show the existence of facts on the record which create a genuine issue." *Larson v. Kempker*, 414 F.3d 936, 939 (8th Cir. 2005) (citing *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)). An "adverse party may not rely merely on allegations or denials, but must set out specific facts – by affidavits or other evidence – showing [a] genuine issue for trial." *Tweeton v. Frandrup*, 287 F. App'x 541, 541 (8th Cir. 2008) (citing Fed. R. Civ. P. 56(e)).

**Undisputed Issues of Fact**

On January 6, 2011, Plaintiff filed a prior lawsuit against Defendants while he was confined at the Morgan County Jail. Case No. 11-4015-CV-C-NKL-P, Doc. 1. While that case was pending, Plaintiff was again confined in the Moniteau County Jail in March and April of 2011. Doc. 1, p. 9; Doc. 42, p. 2. Defendant Curtis was employed by Moniteau County, Missouri, as the Jail Administrator until April 2012. Doc. 42, p. 2. Defendant Gathercol was employed by Moniteau County as a deputy jailer until her retirement in May 2012. *Id.* Defendant Gump is the Sheriff of Moniteau County. *Id.*

During Plaintiff's confinement at the Moniteau County Jail in March and April of 2011, Plaintiff was placed in a cell at the front of the jail used for inmates with special needs or increased monitoring. Doc. 42-2, p. 1. Due to complaints by Plaintiff about his cell, on April 13, 2011, Plaintiff was transferred to the Morgan County Detention Center (MCDC), which was considered to

2

be better equipped to deal with inmates with increased medical needs. Doc. 42, p. 3; Doc. 42-2, p. 2. Defendant Curtis transported Plaintiff to the MCDC. Doc. 1, pp. 11-12; Doc. 42, p. 3.

**Discussion**

### I. Defendants Gump, Gathercol, and Curtis are entitled to summary judgment on Plaintiff's retaliation claim.

As to Plaintiff's claim that he was placed in solitary confinement in retaliation for filing a previous lawsuit, "[l]iability under [42 U.S.C.] § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). Plaintiff, therefore, must present specific allegations of fact as to either direct personal involvement, direction of others, or a knowing failure to supervise or act, which resulted in Plaintiff's injuries. *See generally Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993) (Section 1983 liability requires some personal involvement or responsibility); *Ronnei v. Butler*, 597 F.2d 564 (8th Cir. 1979).

Furthermore, in order to prevail on his Section 1983 retaliation claim, Plaintiff must prove that "but for" his previous claims against prison officials, Defendant Curtis would not have taken the alleged actions against Plaintiff. *Goff v. Burton*, 91 F.3d 1188, 1191 (8th Cir. 1996). To avoid liability on a claim of retaliatory discipline, Defendants simply must prove that there was "some evidence" in support of their decision to place Plaintiff in the cell. *See id.* Broad and conclusory allegations of retaliation are not sufficient to support a Section 1983 claim for a violation of constitutional rights. *Flittie v. Solem*, 827 F.2d 276, 281 (8th Cir. 1987).

Plaintiff neither alleges nor presents evidence that Defendants Gump and Gathercol were personally involved in his placement in solitary confinement. Insofar as Plaintiff alleges that Defendant Curtis placed him in the cell in retaliation for filing a prior lawsuit, Plaintiff does not present evidence disputing that the cell was at the front of the jail and was used for inmates with special needs or increased monitoring. Plaintiff also does not present evidence disputing that he was

3

transferred to MCDC due to his complaints about the cell and that the transfer occurred because it was believed that MCDC was considered to be better equipped to deal with inmates with increased medical needs. Therefore, Defendants have presented "some evidence" in support of the decision to place Plaintiff in the cell until he was transported to MCDC. Conversely, Plaintiff's allegation that he was placed in the cell for retaliatory reasons is broad and conclusory and unsupported by evidence.

Because Plaintiff has failed to present evidence that establishes a violation of his rights under federal law, Defendants Gump, Gathercol, and Curtis are entitled to summary judgment on Plaintiff's retaliation claim.

## II. Defendants Gump, Gathercol, and Curtis are entitled to summary judgment on Plaintiff's excessive force claims.

As to Plaintiff's claims of excessive force, although "general factual allegations of injury from the defendant's conduct may suffice" to overcome a motion to dismiss, in response to a summary judgment motion, "the plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (internal quotations and citation omitted). Entry of summary judgment is mandated "after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Despite the discovery period afforded to the parties, Plaintiff has failed to present to this Court more than mere allegations that he was verbally and physically abused by Defendant Curtis. Although Plaintiff claims that he has forthcoming evidence, Plaintiff does not provide that evidence or state specifically what evidence will be produced and how it will establish the existence of the necessary elements of his claims. For instance, in his reply, Plaintiff claims that "his 'named

4

witnesses' will testify about what they saw happen at the jail and the medical policy" but does not state how any of the named witnesses will establish the elements of excessive force or cruel and unusual punishment upon which he will bear the burden. Doc. 48, pp. 11, 20.[1] Moreover, Plaintiff's attached exhibits do not support his claims of abuse. Doc. 48-1.[2]

Notably, other than his mere allegations, Plaintiff fails to present any evidence that he suffered an actual injury from Defendants' actions. *See* 42 U.S.C. 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *see also White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994) ("While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." (citing *Cummings v. Malone*, 995 F.2d 817, 822-23 (8th Cir. 1993))).

Because Plaintiff fails to present evidence to support his claims of abuse, Defendants Gump,

---

[1] Insofar as Plaintiff indicates that he needs additional time to obtain and submit evidence in this case, discovery closed on January 16, 2015. After Plaintiff did not file his initial Rule 26 disclosures, Defendants filed a motion to compel Plaintiff's disclosures on February 25, 2015. Doc. 31. On March 13, 2015, Plaintiff filed a motion to compel discovery, wherein he requested documents from the Morgan County Sheriff's Department. Doc. 34. This Court's March 23, 2015, Order denied Plaintiff's motion after finding that Plaintiff's motion was untimely and that Defendants did not have custody or control over the items in the possession of Morgan County. Docs. 36, 37. Later that day, Plaintiff filed his responses to Defendants' request for production of documents. Doc. 38. After Defendants filed their motion for summary judgment, Plaintiff filed a motion to reopen discovery on June 22, 2015, wherein he stated that his legal papers were lost by Missouri Department of Corrections staff members from October 16, 2014, to December 16, 2014, and that he still wanted to seek evidence from Morgan County. Doc. 44. This Court denied that motion after finding Plaintiff dilatory in his discovery requests. Doc. 47.

In addition to being dilatory in seeking evidence from Morgan County, Plaintiff has been dilatory in his efforts to obtain any of the potential evidence he mentions in his response and in obtaining relief for the alleged loss of his documents by the MDOC. This Court further notes that Plaintiff did not present a personal affidavit in response to Defendants' motion for summary judgment, which would be independent of the discovery he wishes to seek in this case. Plaintiff was fully aware of the importance of an affidavit to support his claims, in that this Court's May 7, 2015, Order instructed Plaintiff that he must submit affidavits or discovery materials in response to Defendants' motion for summary judgment and that "a response under oath is necessary." Plaintiff even criticized his copy of Defendant Curtis' affidavit for being unsigned. Consequently, Plaintiff has not established that he should be afforded yet more time to obtain and present evidence in this case.

[2] Plaintiff's exhibits include an unsigned copy of Defendant Curtis' affidavit, Plaintiff's inmate medication log, and what appear to be jail logs concerning Plaintiff's medical treatment and interactions with staff. Doc. 48-1. The inmate medication log and jail logs do not contain evidence relevant to Plaintiff's claims of abuse. Although Plaintiff claims that Defendant Curtis' unsigned affidavit is evidence that Defendant Curtis is lying and does not want to perjure himself, the copy of Defendant Curtis' affidavit submitted to this Court is properly signed and notarized. Doc. 42-2, p. 2.

5

Gathercol, and Curtis are entitled to summary judgment on Plaintiff's excessive force claims.

### III. Defendants Gump, Gathercol and Curtis are entitled to qualified immunity.

As to Defendants' claim that they are entitled to qualified immunity, the Court uses a two pronged test to determine if a government official is entitled to qualified immunity. *See Weiler v. Purkett*, 137 F.3d 1047, 1050 (8th Cir. 1998). The first prong of this test is to determine whether or not the plaintiff has alleged a deprivation of a constitutional right. *Id*. The second prong of this test is to determine if that constitutional right "was so clearly established that a reasonable public official would have known his or her conduct violated the Constitution at the time of the act." *Id*.

For the reasons set forth above, Plaintiff fails to establish a deprivation of a constitutional right. As a result, Plaintiff fails to satisfy the first prong, and Defendants Gump, Gathercol, and Curtis are protected from Plaintiff's claims against them in their individual capacities by the doctrine of qualified immunity.[3]

### IV. Defendant Moniteau County is entitled to summary judgment.

As to Plaintiff's claims against Defendant Moniteau County, Missouri, an entity of local government may be held liable under Section 1983 only for acts by its officials or employees that implement a governmental custom or policy, but may not be held vicariously liable for unconstitutional acts by such employees. *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 691 (1978); *Scheeler v. City of St. Cloud*, 402 F.3d 826, 832 (8th Cir. 2005). For a local entity to be liable under a custom or policy, there must be a deprivation of a constitutional right and that deprivation must be the result of the local entity's policy or the policy of a policy maker acting under color of state law. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-83 (1986); *see also City of St. Louis v. Prapotnik*, 485 U.S. 112, 121-31 (1988) ("The city cannot be held liable under §

---

[3] Although Plaintiff also brings suit against Defendants Gump, Gathercol, and Curtis in their official capacities, they are entitled to summary judgment in their official capacities for the reasons discussed below concerning Defendant Moniteau County. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("A suit against a public employee in his or her official capacity is merely a suit against the public employer.").

1983 unless respondent proved the existence of an unconstitutional municipal policy.").

For the reasons set forth above, Plaintiff fails to present evidence that establishes the deprivation of a constitutional right. Moreover, even though Plaintiff alleges that Moniteau County has an unconstitutional policy that denies medication to inmates, Plaintiff fails to present evidence establishing that the alleged retaliation and excessive force resulted from Moniteau County's policy concerning inmate medication. Because Plaintiff has failed to set forth a custom or policy of Moniteau County that resulted in the deprivation of his constitutional rights, Defendant Moniteau County, Missouri, is entitled to summary judgment.

### Conclusion and Notice of Appellate Filing Fee

For the reasons explained above, and having considered Plaintiff's ancillary evidence, arguments, and claims, the Court finds that this case presents no unresolved issue of material fact and that Defendants are entitled to judgment as a matter of law. Therefore, this Court will grant Defendants' motion for summary judgment.

Plaintiff is advised that if he appeals this dismissal, in addition to the $350.00 filing fee, federal law now "'makes prisoners responsible for [appellate filing fees of $505.00] the moment the prisoner . . . files an appeal.'" *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (citation omitted). Pursuant to *Henderson*, Plaintiff is notified as follows:

> (a) the filing of a notice of appeal by the prisoner makes the prisoner liable for payment of the full [$505] appellate filing fees regardless of the outcome of the appeal; (b) by filing a notice of appeal the prisoner consents to the deduction of the initial partial filing fee and the remaining installments from the prisoner's prison account by prison officials; (c) the prisoner must submit to the clerk of the district court a certified copy of the prisoner's prison account for the last six months within 30 days of filing the notice of appeal; and (d) failure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances.

*Id.* at 484.

7

Accordingly, it is **ORDERED** that:

(1) Defendants' motion for summary judgment (Doc. No 41) is granted; and

(2) this case is dismissed.

 /s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
UNITED STATES DISTRICT JUDGE

Jefferson City, Missouri,

Dated: September 8, 2015.